**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ORACLE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-3440 (GHW) |
| | ) |
| CHARTIS SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## APPLICATION FOR LEAVE TO FILE REDACTED EXHIBITS TO COMPLAINT

For the reasons set forth herein, and pursuant to the Court's Order dated April 25, 2018 and entered in the above-captioned case on April 26, 2018 (ECF Doc. No. 7) (the "Order"), Plaintiff Oracle Corporation ("Plaintiff"), by and through its undersigned counsel, submits this application seeking leave of this Court, pursuant to Rule 4(A)(ii) of the Court's Individual Rules of Practice in Civil Cases (the "Court's Individual Rules"), to file the insurance policies attached as Exhibits A and B to Plaintiff's Complaint and annexed hereto, with the existing redactions in order to protect sensitive and proprietary information.

Rule 21.4 of the Electronic Case Filing Rules & Instructions for the Southern District of New York (the "ECF Rules") instructs parties to exercise caution and consider redacting sensitive information (beyond the specific information identified in ECF Rule 21.3), including documents that contain proprietary information.  In the insurance policies filed as exhibits to Plaintiff's Complaint, Plaintiff made redactions limited to information revealing the policy premiums and limits.  (Order at 1.)  Plaintiff's policy premiums and limits reveal Plaintiff's purchasing power in the market, and, if disclosed, risk prejudicing Plaintiff's negotiations with insurers in the future.

They also provide confidential insight into Plaintiff's views regarding its insurance needs and specific exposures. Disclosure of the premium may also prejudice the ability of the Defendant, Chartis Specialty Insurance Company, to negotiate with competing policyholder customers in the marketplace. Finally, Plaintiff's redactions include the premium and limits of the primary insurance policy, and the primary insurance company, not even a party to this action, may similarly be prejudiced in negotiating premiums and limits with competing policyholder customers in the marketplace. For the foregoing reasons, the policy premiums and limits constitute proprietary and sensitive information. *C.f. SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-CV-2270 JMF, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (permitting redactions where "limited to specific 'financial figures and customer information' . . . which are not relevant to the parties' legal dispute and implicate legitimate privacy interests"); *In re Millennial Media, Inc. Sec. Litig.*, No. 14 CIV. 7923 PAE, 2015 WL 3443918, at *5 (S.D.N.Y. May 29, 2015) (allowing redactions of "pricing, budget, and financial figures" from filings, noting, "[t]he redacted data is irrelevant to any issue in this case and appears to be confidential").

In full appreciation for the presumption of public access to judicial documents, Plaintiff annexed these full insurance policies to its Complaint. However, in the exercise of caution as directed by Rule 21.4, Plaintiff redacted only the policy premium and limit amounts, which are not in dispute. Upon assignment of this case to YourOrr Honor, Plaintiff promptly complied with Rule 4(A)(i) of the Court's Individual Rules, by providing an unredacted copy of the documents that highlight the information redacted.

Based on the foregoing, and pursuant to this Court's Order, Plaintiff now respectfully applies to the Court for leave to file the insurance policies with redactions in full compliance with the Court's Individual Rule 4(A)(ii) and ECF Rule 21.4, as previously filed.

Pursuant to the Order, Plaintiffs have served a copy of the Order on Defendant, but because no counsel for Defendant has yet appeared in this action as of the date of this application, Defendant's consent has not yet been obtained.

Dated:  April 27, 2018

                          Respectfully submitted,

                          MCKOOL SMITH, P.C.

                          By: _____
                              Robin L. Cohen
                              (rcohen@mckoolsmith.com)
                              Adam S. Ziffer
                              (aziffer@mckoolsmith.com)

                              One Bryant Park, 47th Floor
                              New York, NY 10036
                              Telephone: (212) 402-9400
                              Facsimile:  (212) 402-9444

                          *Attorneys for Plaintiff Oracle Corporation*