UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                          :

ORACLE CORPORATION,                    :

                          :

                  Plaintiff,   :          1:18-cv-3440-GHW

                          :

          -v-               :          <u>ORDER</u>

                          :

CHARTIS SPECIALTY INSURANCE     :
COMPANY,                     :

                          :

                Defendant.  :

---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/30/2018

GREGORY H. WOODS, United States District Judge:

On April 19, 2018, Plaintiff commenced this action, seeking a declaratory judgment and damages based on Defendant's alleged breach of the excess liability insurance contract attached to the complaint as Exhibit B.  Plaintiff alleges in its complaint that Defendant, which insured Plaintiff under the excess policy, has improperly refused to extend coverage.  *See* Compl.  ¶¶ 57-66.  The complaint alleges that the excess policy follows form to the primary policy of insurance issued to Plaintiff by non-party Beazley.  *See id.* ¶ 18.  Plaintiff attached a copy of the primary insurance policy as Exhibit A to the complaint.  Both of the insurance policies filed on the docket contain redactions.

On April 26, 2018, the Court directed Plaintiff to either file an application seeking leave to file the insurance policies in redacted form, or to file unredacted versions of both policies.  Dkt. No. 7.  On April 27, 2017, Plaintiff filed a motion to redact portions of the insurance policies attached as exhibits to its complaint.  Dkt. No. 8.  For the reasons stated below, Plaintiff's motion is GRANTED.

As a general matter, there is a strong presumption of public access to "judicial documents," which are those documents filed with the court that are "relevant to the performance of the judicial function and useful in the judicial process."  *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995).

"In determining whether a document is a judicial record, we evaluate the 'relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the [document] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (alterations in original) (citing *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013)).  As the Second Circuit has held, the presumption is for "immediate public access to" such documents, and "applies under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 126 (2d Cir. 2006).  "Notwithstanding the presumption . . . documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Id.* at 124.  "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action," *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997), and "sealing should not be done without a compelling reason," *City of Harford v. Chase,* 942 F.2d 130, 135 (2d Cir. 1991).

Plaintiff requests that Exhibits A and B to the complaint, the primary policy of insurance issued to Plaintiff and the excess liability policy issued to Plaintiff, be filed in redacted form to obscure the liability limits of both insurance policies as well as the dollar amount of the premiums paid under each policy.  Plaintiff asserts that these dollar amounts are "proprietary and sensitive information" Dkt. No. 8 at 2.  Plaintiff offers several arguments in support.  First, Plaintiff contends that public disclosure of the policy limits and premiums would likely prejudice Plaintiff's negotiations with insurers in the future as it would "reveal Plaintiff's purchasing power in the market." *Id.* 8 at 1.  Second, Plaintiff asserts that the redacted figures "provide confidential insight" into Plaintiff's opinions regarding its insurance needs and its exposure to liability. *Id.* at 2.  Third, Plaintiff argues that disclosure of the premium paid under the excess liability policy may impair Defendant's ability to effectively negotiate insurance policies.  And fourth, Plaintiff claims that

disclosure of the insurance premiums and liability limits of the primary policy may prejudice the

negotiation of future insurance contracts by the primary insurer, which is not a party to this action.

Plaintiff also states that the dollar amounts of the policy limits and premiums are not in dispute.

In its complaint, Plaintiff brings claims for a declaratory judgment and for damages based on

Defendant's alleged breach of the excess liability policy, attached as Exhibit B to the complaint.

Plaintiff's claims are premised on Defendant's denial of coverage under that policy, and, as Plaintiff

represents, do not involve disputes regarding the actual dollar amount of coverage that is available

under the excess liability policy.  Moreover, while interpretation of the excess liability policy turns

largely on an interpretation of the primary policy, Exhibit A, the excess policy incorporates all terms

of the primary policy *except for* the premium and limits of liability, and there appears to be no dispute

regarding the limits of liability under the primary policy.  Therefore, although the insurance policies

are judicial documents and subject to a presumption of public access, *see Amodeo,* 44 F.3d at 145;

*Lugosch,* 435 F.3d at 126, the premium payments and policy limits that Plaintiff seeks to redact are

not, insofar as the Court can determine at this time, "relevant to the performance of the judicial

function and useful in the judicial process" in this matter, *Amodeo,* 44 F.3d at 145.

On the other hand, the privacy interests of the primary insurer as a non-party to this action

weigh heavily against disclosure.  *See Amodeo*, 71 F.3d at 1050 ("[P]rivacy interests of innocent third

parties should weigh heavily in a court's balancing" of the public's interest in disclosure and any

competing interests against disclosure.); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152,

155 (S.D.N.Y. 2015) (finding the presumption to access overcome by documents disclosing

information regarding third-party clients' business strategies, objectives, and transactions); *Cohen v.

Gerson Lehrman Grp., Inc.*, No. 09-cv-4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011)

(granting motion to file documents in redacted form where the redactions were "narrowly tailored to

conceal the clients' identity" and the privacy interests of the party's clients "outweigh[ed] the

presumption of access" because their identities had "no bearing" on the case).  The privacy interests

of Defendant in the information sought to be redacted also weigh against disclosure. *See SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-cv-2270 (JMF), 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (allowing redactions that were limited to "specific 'financial figures and customer information'" not relevant to the parties' dispute); *United States v. Visa U.S.A., Inc.*, No. 98-cv-7076 (BSJ), 2000 WL 1682753, at *1 (S.D.N.Y. Nov. 9, 2000) (noting that redactions were proper to protect "competitive business interest").

Weighing the low relevance of the insurance premiums and policy limits to Plaintiff's claims against the privacy interests of the insurers, the Court finds that the interests of the insurers outweigh the presumption of public access at this stage in the litigation. Exhibits A and B to the complaint may therefore remain filed in redacted form. To the extent that the Court determines at a later stage in this action that the redacted information is relevant to the Court's determination of issues raised in this case, the Court may order that unredacted versions of the insurance policies be filed. For the time being, however, the premium and policy limit figures may remain undisclosed.

Plaintiff is directed to serve a copy of this order on Defendant and to retain proof of service.

SO ORDERED.

Dated: April 30, 2018
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4