# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

17 State Street ▪ New York, NY 10004

212.425.9300 ▪ fax 212.425.9337

www.bressler.com

Michael D. Margulies
Counsel

direct: 973-937-6799
mmargulies@bressler.com

June 13, 2018

**VIA ECF**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Oracle Corporation v. Chartis Specialty Insurance Company*, No. **1:18-cv-03440 (GHW)**

Dear Judge Woods:

We write on behalf of Defendant, Chartis Specialty Insurance Company ("Chartis") pursuant to Rule 2(C) of Your Honor's Individual Rules and Practices to request a pre-motion conference for permission for Chartis to file a motion to partially dismiss the Complaint. Plaintiff, Oracle Corporation ("Oracle") has not consented to Chartis' request for a pre-motion conference.

This action arises out of an insurance coverage dispute. Oracle seeks a declaration that Chartis breached its obligations under an excess Technology Errors and Omissions Policy that follows form to an underlying primary policy issued by Beazley (the "Primary Policy"). Oracle also asserts claims for breach of contract with respect to alleged duties to pay Claims Expenses and Settlement Costs (as those terms are defined in the Primary Policy).

Oracle seeks coverage for claims against it, arising out of Oracle's work performed for the State of Oregon between 2010 and 2014 in connection with Oregon's healthcare insurance exchange run by the Oregon Health Insurance Exchange Corporation (the "Cover Oregon Project"), and a related project to modernize Oregon's health and human services IT systems (the "Modernization Project"). The Complaint here seeks recovery of (i) defense costs up to the Chartis Excess Policy limit, and (ii) indemnity for a $35 million settlement made by Oracle with the State of Oregon.

BRESSLER, AMERY & ROSS
A PROFESSIONAL CORPORATION

June 13, 2018
Page 2

    Chartis seeks permission to file a motion to dismiss those claims for recovery of Settlement Costs. Oracle has admittedly failed to comply with a condition precedent to coverage – that Oracle secure Chartis' written consent <u>prior</u> to entering into its $35 million settlement agreement with the State of Oregon.

    California law (applicable in this dispute[1]) is well-settled; an insurer has no indemnity obligation where the insured settles without the insurer's consent in breach of the consent-to-settle/no voluntary payment provision. See <u>Franklin Loan Corp. v. Certain Underwriters at Lloyd's</u>, 2011 U.S. Dist. LEXIS 163324, at *16-17 (C.D. Cal. Apr. 5, 2011) (granting defendant-insurer's motion to dismiss without leave to amend because "Plaintiff's failure to request Defendant's written consent before reaching a settlement with Countrywide is a breach of the express terms of the Policy" and "Plaintiff no longer has the right to demand coverage and indemnification from Defendant for the settlement costs"); <u>see also</u> <u>OneWest Bank, FSB v. Hous. Cas. Co.</u>, 676 F. App'x 664, 666 (9th Cir. 2017) (finding an insured breached the consent-to-settle provision of its professional liability insurance policy by executing a settlement term sheet prior to seeking or obtaining the consent of its insurer and therefore was not entitled to coverage under the policy); <u>Low v. Golden Eagle Ins. Co.</u>, 110 Cal. App. 4th 1532, 1533 (2003) (finding that the trial court erred by not relieving insurer of post tender costs, including the settlement, where settlement was negotiated and executed without insurer's knowledge or consent); <u>Jamestown Builders v. Gen. Star Indem. Co.</u>, 77 Cal. App. 4th 341, 343 (1999) (affirming appellee-insurer's demurrer to plaintiff's second amended complaint without leave to amend because the policy in question provided that notice was a condition precedent to appellant's right to be indemnified for the settlement).

    Here, the Primary Policy, to which the Chartis Excess Policy follows form, contains the following consent-to-settle provision:

> The Insured shall not admit liability, make any payment, assume any obligations, incur any expense, enter into any settlement, stipulate to any judgment or award or dispose of any Claim **without the written consent of the Underwriters**, except as specifically provided for in Clause II [which concerns settlement within the retention].

Primary Policy, § XVII (emphasis added).

---

[1] The Beazley Primary Policy, to which the Chartis Excess Policy follows form, contains a choice of law provision providing that California law should govern any dispute involving the Policy. While California law applies, the same result is mandated under New York law. An insurer is not obligated to indemnify an insured who has entered into a settlement without the insurer's consent. See <u>Vigilant Ins. Co. v. Bear Stearns Cos., Inc.</u>, 10 N.Y.3d 170 (2008); <u>see also</u> <u>Ralex Services, Inc. v. Southwest Marine & General Ins. Co.</u>, 155 A.D.3d 800 (2d Dep't, 2017).

**BRESSLER, AMERY & ROSS**
A PROFESSIONAL CORPORATION

June 13, 2018
Page 3

     Oracle never sought, let alone secured, the written consent of Chartis prior to entering into its settlement with the State of Oregon. The Complaint itself lacks any reference whatsoever to Oracle having ever sought the consent of Chartis. Rather, the Complaint acknowledges that Plaintiff only first sought reimbursement of the settlement costs in January 2017, approximately four months after Plaintiff had already entered into the Settlement. Complaint, ¶ 57.

     Accordingly, Chartis respectfully requests the Court set a pre-motion conference to permit Chartis to file a motion to partially dismiss the Complaint.

Respectfully,

*/s/ Michael D. Margulies*

Michael D. Margulies

cc:    Adam Ziffer, Esq. (by ECF)