# McKool Smith

Robin L. Cohen
Direct Dial: (212) 402-9801
rcohen@mckoolsmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

June 13, 2018

**VIA ECF**

Honorable Gregory H. Woods
c/o Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

> RE: *Oracle Corporation v. Chartis Specialty Insurance Co.*, **Case No. 1:18-cv-03440 (GHW)**

Dear Judge Woods:

    We write on behalf of Oracle Corporation ("Oracle"), plaintiff in the above-referenced matter, to request a pre-motion conference pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice in Civil Cases. Oracle seeks to file a motion for judgment on the pleadings and/or partial summary judgment declaring that Oracle is entitled to coverage for its "Claims Expenses" for twelve of the claims alleged against Oracle in one of the underlying disputes at issue in this insurance dispute, *Rosenblum, et al. v. Oracle America, Inc., et al.*, Case No. 14 CV 20043 (Or. Cir. Ct., Marion Cnty.) (the "State Action"). Oracle seeks such coverage pursuant to the excess technology errors and omissions insurance policy sold to Oracle by Chartis Specialty Insurance Company ("AIG") (the "AIG Excess Policy"[1]). There are no issues of material fact that preclude an immediate determination on this issue and its resolution will help streamline discovery and narrow the true issues in dispute going forward in this litigation. AIG has not provided its consent to Oracle filing this proposed motion prior to the submission of this letter.[2]

    AIG has previously acknowledged that the three Claims for Relief alleging breach of contract in the State Action are covered under the AIG Excess Policy, triggering AIG's obligation to pay covered "Claims Expenses" (as that term is defined in the AIG Excess Policy). The undisputed settlement of the State Action with no finding or admission of otherwise excludable wrongdoing by Oracle in connection with these three claims confirms that coverage.

---

[1] "AIG Excess Policy" refers to the terms of the policy sold to Oracle by AIG, as well as the primary policy sold to Oracle by Beazley, to which it follows form. *See* Compl., Exs. A-B (Dkt. Nos. 1-1 and 1-2).

[2] AIG has not responded to Oracle's numerous requests for consent, even though Oracle detailed its substantive position for AIG in a telephone call on May 16, in a letter sent May 25, 2018, and in another telephone call of June 12, 2018.

**McKool Smith**
**A Professional Corporation • Attorneys**
Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC

Honorable Gregory H. Woods
June 13, 2018
Page 2

      AIG also previously acknowledged that the two fraud Claims for Relief alleged in the State Action trigger AIG's obligation to pay Claims Expenses unless and until there is a final adjudication in the underlying matter establishing that Oracle engaged in dishonest, fraudulent or malicious acts. (*See* Dkt. No. 1-1 at § V.A). Again, because the State Action settled, there has been and will be no final adjudication or admission of excluded conduct. Accordingly, all Claims Expenses associated with the fraud claims are covered.

      However, without providing any basis to refute Oracle's position, AIG has refused to acknowledge that the seven Claims for Relief asserted against Oracle in the State Action under Oregon's False Claims Act statute (Claims 3 through 9, hereinafter, the "OFCA Claims"), similarly trigger AIG's obligation to reimburse Oracle's Claims Expenses. AIG has refused to acknowledge this coverage, asserting instead that the OFCA Claims cannot be premised on negligence or an "unintentional" breach of contract, and thus do not fall under the insuring agreement of the AIG Excess Policy, even in the context of a settlement which definitively precludes any final adjudication or admission that that Oracle engaged in dishonest, fraudulent or malicious acts.

      A limited analysis of the OFCA Claim allegations, the undisputed fact of settlement with no admission or adjudication of liability, and the express terms of the AIG Excess Policy demonstrate that these OFCA Claims implicate AIG's obligation to pay Claims Expenses, and thus Oracle's proposed motion concerning AIG's defense obligation is ripe for adjudication as it can be determined as a matter of law and undisputed fact without discovery.

      A recent on point decision in the Ninth Circuit confirms as much. Pursuant to OFCA § 180.755(2), claims under the OFCA do not require proof of a specific intent to defraud or actual knowledge of falsity in order to establish a violation of the OFCA. Instead, such a violation may be established by proof of reckless conduct or gross negligence. *Id.* §§ 180.755 (3). The most recent Ninth Circuit decision on this issue holds that claims under California's False Claims Act statute are potentially covered, and require the payment of defense costs, because they could be established without proof of fraud. *See Office Depot Inc. v. AIG Specialty Ins. Co., et al.*, 722 F. App'x 745, 746 (9th Cir. 2018) (reversing district court holding that California's False Claims Act statute claims were uninsurable because they were necessarily and solely predicated on fraudulent conduct).[3]

      Second, AIG cannot dispute that the OFCA Claims in the State Action all expressly allege that Oracle acted recklessly and with gross negligence as a basis for its alleged liability under the OFCA. They thus constitute potentially covered claims triggering AIG's obligation to pay the Claims Expenses incurred in connection with those Claims.

      Finally, Exclusion A of the AIG Excess Policy, which bars coverage for claims alleging a dishonest, fraudulent or malicious act *supports* Oracle's entitlement to coverage for Claims

---

[3] The Beazley Primary Policy, to which the AIG Excess Policy follows form, contains a choice of law provision providing that California law should govern any dispute involving the Policy.

Honorable Gregory H. Woods
June 13, 2018
Page 3

Expenses incurred in connection with the OFCA Claims.  As noted above, Exclusion A specifically sets forth the parameters of coverage for claims alleging fraudulent or dishonest conduct.  It provides that "this Policy shall apply to Claims Expenses incurred in defending any such Claim alleging the foregoing" (*i.e.*, alleging dishonest, fraudulent or malicious act[s], error[s] or omission[s] committed by any Insured) "***until*** such time as there is ***a final adjudication . . . establishing such conduct***." Dkt No. 1-1 at § V.A. (emphasis added).  This express policy language precludes AIG from denying payment of Claims Expenses for a claim on the basis that it merely alleges fraud or dishonesty *until and unless* there has been a final adjudication that the policyholder engaged such in conduct.  *Cf. Braden Partners, LP v. Twin City Fire Ins. Co.*, No. 14-CV-01689-JST, 2017 WL 63019, at *6 (N.D. Cal. Jan. 5, 2017), *appeal dismissed*, No. 17-15136, 2017 WL 3160295 (9th Cir. May 9, 2017) (holding that basis to preclude coverage for indemnity predicated on fraudulent conduct would not apply to defense costs).  In light of the undisputed settlement of the State Action, there is and will be no such final adjudication here.

      Accordingly, Oracle seeks permission to move this Court as a matter of law for a declaration that AIG cannot avoid its obligation to pay Claims Expenses for the seven OFCA Claims in the State Action regardless of whether those Claims might have been—but in fact were not—decided on a non-covered ground.

      Oracle confirms this motion is ripe as there is no genuine issue of material fact, and its resolution depends solely on review of the express terms of the AIG Excess Policy and the State Action allegations and terms of settlement.  Any potential dispute is simply a matter of contract interpretation, which can be determined as a matter of law.  We thank the Court for its continued attention to this matter.

      Best regards,

      */s/ Robin L. Cohen*

      Robin L. Cohen

cc:    All counsel of record (via ECF)