# McKool Smith

|  |  |  |
|---|---|---|
| Robin L. Cohen<br>Direct Dial:  (212) 402-9802<br>rcohen@mckoolsmith.com | One Bryant Park<br>47th Floor<br>New York, NY 10036 | Telephone: (212) 402-9400<br>Facsimile: (212) 402-9444 |

June 15, 2018

**VIA ECF**

Honorable Gregory H. Woods
c/o Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

        RE:    *Oracle Corporation v. Chartis Specialty Insurance Co.*, Case No. 1:18-cv-03440 (GHW)

Dear Judge Woods:

      We write on behalf of Plaintiff Oracle Corporation ("Oracle") in the above-referenced matter pursuant to 2.C.i., to set forth its position in opposition to Chartis Specialty Insurance Company's ("AIG") request to file a motion for partial dismissal of Oracle's Complaint. Dkt. No. 17 ("AIG's Pre-Motion Request"). Because AIG's proposed motion is premature and without merit, AIG's request should be denied at this time. At a minimum, the proposed motion should take the form of a summary judgment motion following discovery into the material facts supporting Oracle's claim of legal excusal from compliance with the Primary Policy's[1] consent condition on account of AIG's waiver, breach, and/or other conduct.

      Contrary to AIG's suggestion, the issue of consent to settlement in this case is not a simple legal issue, but rather a nuanced factual one for which discovery is warranted.[2] AIG's Pre-Motion Request fails to address, let alone refute, Oracle's position (as pled in its Complaint), that AIG had notice of the State Action settlement prior to its execution, and that AIG's conduct leading up to and subsequent to receipt of such notice legally excused Oracle from the requirement of securing AIG's written consent on grounds of waiver, abandonment and/or futility. *See* Compl. ¶¶ 47(d), 48, 50-59, 75, 93.

---

[1] All Capitalized terms not separately defined herein have the same meaning as set forth in Oracle's Complaint. *See* Dkt. No. 1 ("Compl.").

[2] It is unclear why AIG did not address Oracle's legal excuse position as in various meet and confer calls between the parties, Oracle did not dispute that the Primary Policy contains a requirement to obtain the insurer's written consent to settlement, but instead explained its position (and identified supporting allegations in the Complaint) that any failure of the consent condition was excused.

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Silicon Valley  |  Washington, DC**

Honorable Gregory H. Woods
June 15, 2018
Page 2

Oracle has previously identified for AIG's counsel the myriad allegations in Oracle's Complaint satisfying any threshold pleading requirement, and which support Oracle's legal claim that it was excused from any obligation of securing written consent on account of AIG's conduct (on grounds of waiver, estoppel, abandonment or futility). *See, e.g.*, Compl. ¶¶ 5, 75, 93. Oracle alleges that it gave notice of the State Action and provided AIG with a detailed pre-settlement mediation memorandum summarizing the Action in July 2016. Oracle further alleges it offered AIG access to additional information regarding this settlement mediation, including the parties' mediation statements, on the condition that AIG execute a non-disclosure agreement ("NDA") to protect privilege and confidentiality. *Id.* ¶¶ 42-44, 47. In the face of this opportunity to participate or associate more directly in Oracle's defense, AIG chose not to execute the NDA and instead did nothing. *Id.* ¶¶ 47(d), 50-51. Oracle nonetheless kept AIG informed regarding the State Action mediation, which proved unsuccessful (*see id.* ¶ 52), and apprised AIG that settlement negotiations remained ongoing. Thereafter, Oracle, through its broker, provided AIG with notice of the proposed final settlement terms on a telephone call days before that reasonable settlement was consummated. *Id.* ¶¶ 53-54.

Despite being put on notice of the settlement prior to its execution, AIG nonetheless breached its obligation to pay anything, waiting nearly six months *after* Oracle requested reimbursement to even bother to respond to (and deny) Oracle's demand. *Id.* ¶¶ 57, 60. Tellingly, in that response, AIG nowhere asserted that Oracle failed to secure written consent to the State Action settlement. *Id.* ¶¶ 59-61. Months later in its supplemental denial letter issued in November 2017, again, AIG did not raise lack of consent as a basis for its refusal to pay, and instead focused its letter entirely on asserting certain other express bases to refute any obligation to reimburse Oracle's Claims Expenses alone. *Id.* ¶¶ 63-66. Predicated on the foregoing facts, Oracle alleged in its Complaint that it "has been excused from compliance with such terms, conditions or prerequisites as a result of AIG's breach(es) and/or other conduct." *Id*. ¶ 75.

These allegations are sufficient to overcome a motion to dismiss on the pleadings, as under applicable law, they can potentially support Oracle's claim that any written consent obligation was excused on account of breach, waiver, abandonment, estoppel and/or futility, issues that present questions of fact warranting discovery. *See Fuller-Austin Insulation Co. v. Highlands Ins. Co.*, 38 Cal. Rptr. 3d 716, 735-39, 741 (Ct. App. 2006) (denying insurer's attempt to avoid settlement coverage obligation based on failure to secure written consent, noting: "We do not believe that the policies can be read to permit an excess insurer to hover in the background of critical settlement negotiations and thereafter resist all responsibility on the basis of lack of consent."); *LMA N. Am., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 924 F. Supp. 2d 1188, 1204-05 (S.D. Cal. 2013) (genuine issues of material fact precluded summary judgment on issue of waiver of no voluntary payment provision); *Enodis Corp. v. Cont'l Cas. Co.*, No. CV 04-4357 CAS PJWX, 2013 WL 2897800, at *5-6 (C.D. Cal. June 10, 2013) (issues of fact surrounding abandonment permitted policyholder to develop its argument that, "due to [insurer]'s refusal to indemnify it for liability incurred in the [underlying] action, it would have been futile to seek [insurer's] consent"); *MBIA Inc. v. Federal Ins. Co.*, 652 F.3d 152, 169 (2d Cir. 2011) ("By an insurer's unreasonable delay, silence, or conduct, it can either waive a

Honorable Gregory H. Woods
June 15, 2018
Page 3

consent requirement or acquiesce in a settlement.").[3]  Thus, even if AIG is correct that the consent condition was not satisfied, Oracle has adequately plead excuse (a proposition that Oracle offered to AIG, but AIG chose not to address in its Pre-Motion Request).  Any motion addressed to the pleadings will necessarily be a waste of the Court's and the parties' resources.

Beyond Oracle's adequate pleading of legal excuse, there is also the possibility that discovery will reveal that AIG, upon notice of the proposed settlement, acquiesced thereto.  As specifically alleged, Oracle's insurance broker and AIG exchanged numerous communications over the life of the State Action whereby AIG was given an opportunity to associate in Oracle's defense (but did nothing), and was put on notice prior to execution of the State Action settlement as to the proposed final terms and negotiations surrounding same.  *See, e.g.*, Compl. ¶¶ 47-54.  Oracle is entitled to discovery on these factual issues, particularly as Oracle was not a participant in each of these exchanges with AIG.  Discovery is warranted prior to any motion to dismiss this aspect of Oracle's claim.

In light of the foregoing, Oracle requests that the Court deny AIG's request to file a motion for partial dismissal at this stage.  At the least, any motion addressed to the consent issue should take the form of a summary judgment motion after discovery on the above issues.  We thank the Court for its continued attention to this matter.

Best regards,

*/s/ Robin L. Cohen*

Robin L. Cohen

cc:   All counsel of record (via ECF)

---

[3] *See also Elliano v. Assurance Co. of Am.*, 83 Cal. Rptr. 509, 511 (Ct. App. 1970) ("insurer's failure to object or to repudiate liability for lack of sufficient proof of loss constitutes a waiver"); *State of N.Y. v. AMRO Realty Corp.*, 936 F.2d 1420, 1431 (2d Cir. 1991) (waiver may be found where insurer fails to raise basis to deny coverage, but "possesses sufficient knowledge (actual or constructive) of the circumstances regarding the unasserted defense").