UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORACLE CORPORATION,<br><br>                              Plaintiff,<br><br>v.<br><br>CHARTIS SPECIALTY INSURANCE COMPANY,<br><br>                              Defendant. | Civil Action No. 1:18-CV-03440-GHW<br><br>**ANSWER TO COMPLAINT** |

Defendant, Chartis Specialty Insurance Company ("Chartis"), by its undersigned attorneys as and for it answer to the Complaint herein by Plaintiff Oracle Corporation ("Oracle"), respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     No response is required to the extent Oracle purports to characterize or summarize the Complaint.  To the extent an answer is required, Chartis denies the allegations contained in Paragraph 1 of the Complaint, except admits the existence of the referenced "excess 'follow-form' technology errors and omissions insurance policy," which is attached as Exhibit B to the Complaint.

2.     Chartis denies the allegations in Paragraph 2 of the Complaint, except admits that it has not advanced or reimbursed Oracle for its litigation or settlement costs in connections with the lawsuits referenced in Paragraph 2 of the Complaint, and admits, based upon information and belief, that the lawsuits listed in Paragraph 2 of the Complaint were

filed, and refers the Court to the actions captioned in Paragraph 2 of the Complaint for a complete and accurate recitation of their contents.

3. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint, except refers the Court to the actions captioned in Paragraph 2 of the Complaint for a complete and accurate recitation of their contents.

4. Chartis denies the allegations in paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint concerning Oracle's primary insurer.

5. Chartis denies the allegations in paragraph 5 of the Complaint.

6. Chartis denies the allegations in paragraph 6 of the Complaint.

7. Chartis denies the allegations in paragraph 7 of the Complaint.

8. Chartis denies the allegations in paragraph 8 of the Complaint.

9. Chartis denies the allegations in paragraph 9 of the Complaint.

10. Chartis denies the allegations in paragraph 10 of the Complaint.

## PARTIES

11. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint

12. Chartis admits the allegations in paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13. Chartis admits the allegations in paragraph 13 of the Complaint.

14. Chartis admits the allegations in paragraph 14 of the Complaint.

## FACTUAL BACKGROUND

### A. THE INSURANCE POLICIES

15.  Chartis denies the allegations in paragraph 15 of the Complaint, except admits that Chartis issued to Oracle an Excess Insurance Policy ("Chartis Excess Policy"), No. 01-842-68-54, attached as Exhibit B to the Complaint, which follows form to Beazley Policy No. B0509QF009013 (the "Beazley Primary Policy"), attached as Exhibit A to the Complaint.

16.  Chartis denies the allegations in Paragraph 16 of the Complaint, except refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

17.  Chartis admits the allegations in Paragraph 17 of the Complaint.

18.  Chartis admits the allegations in Paragraph 18 of the Complaint.

19.  Chartis denies the allegations in Paragraph 19 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

20.  Chartis denies the allegations in Paragraph 20 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect..

21.  Chartis denies the allegations in Paragraph 21 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary

Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

22. Chartis denies the allegations in Paragraph 22 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

23. Chartis denies the allegations in Paragraph 23 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

24. Chartis denies the allegations in Paragraph 24 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

25. Chartis denies the allegations in Paragraph 25 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

26. Chartis admits the allegations in Paragraph 26 of the Complaint.

27. Chartis denies the allegations in Paragraph 27 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary

Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

### B. THE UNDERLYING COVER OREGON CLAIM & LAWSUITS

28. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint.

29. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint.

30. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint.

31. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint.

32. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint.

33. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint.

34. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint.

35. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint, except Chartis admits that Oracle initiated the Federal Action against Cover Oregon, as those terms are defined in the Complaint, and subsequently amended its complaint, and refers the Court to the referenced lawsuits for a complete and accurate recitation of their contents.

36. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint, and refers the Court to the referenced lawsuit for a complete and accurate recitation of its contents.

37. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint, and refers the Court to the referenced lawsuit for a complete and accurate recitation of its contents.

38. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint, and refers the Court to the referenced lawsuits for a complete and accurate recitation of their contents.

39. Chartis denies the allegations in Paragraph 39 of the Complaint.

40. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint.

41. Chartis denies the allegations in Paragraph 41 of the Complaint.

C. **ORACLE KEEPS ALL INSURERS APPRISED REGARDING THE COVER OREGON CLAIM & LAWSUITS**

42. Chartis denies the allegations in Paragraph 42 of the Complaint, except admits that Oracle provided notice to Chartis of the initial Cover Oregon dispute in 2014.

43. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint, except admits that Oracle first reported a notice of circumstance to Chartis on March 28, 2014.

44. Chartis denies the allegations in Paragraph 44 of the Complaint.

45. Chartis admits the allegations in Paragraph 45 of the Complaint.

46.     Chartis denies the allegations in Paragraph 46 of the Amended Complaint, except admits that it issued a letter to Oracle on August 18, 2014.

47.     Chartis denies the allegations in Paragraph 47 of the Complaint.

48.     Chartis denies the allegations in Paragraph 48 of the Complaint, except admits that Chartis participated in periodic telephone calls with Oracle and other of its insurers.

49.     Chartis denies the allegations in Paragraph 49 of the Complaint.

### D. AIG DOES NOT OBJECT TO THE SETTLEMENT

50.     Chartis denies the allegations in Paragraph 50 of the Complaint, except admits that in July 2016 Chartis was informed on an upcoming mediation in the State Action, as that term is defined in the Complaint.

51.     Chartis admits the allegations in Paragraph 51 of the Complaint.

52.     Chartis admits the allegations in Paragraph 52 of the Complaint.

53.     Chartis denies the allegations in Paragraph 53 of the Complaint.

54.     Chartis denies the allegations in Paragraph 54 of the Complaint, as Oracle never provided Chartis with any specific terms of the settlement nor sought Chartis' consent.

55.     Chartis denies the allegation in Paragraph 55 of the Complaint.

56.     Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint.

### E. AIG REFUSES TO PAY FOR ORACLE'S DEFENSE AND INDEMNITY COSTS

57.     Chartis denies the allegations in Paragraph 57 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 57 of the Complaint concerning Beazley's alleged agreement to pay its full limits.

58. Chartis denies the allegations in Paragraph 58 of the Complaint, except admits that Chartis had telephonic and written exchanges with Oracle after January 2017.

59. Chartis denies the allegations in Paragraph 59 of the Complaint.

60. Chartis denies the allegations in Paragraph 60 of the Complaint, except admits that Chartis sent a letter to Oracle on July 19, 2017 setting forth Chartis' preliminary coverage position.

61. Chartis denies the allegations in Paragraph 61 of the Complaint, and incorporates by reference the contents of Chartis' July 2017 letter.

62. Chartis denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Complaint.

63. Chartis denies the allegations in Paragraph 63 of the Complaint, except admits that Chartis sent a coverage letter to Oracle on November 10, 2017, which reaffirmed many of the conclusions asserted in the July 19, 2017 coverage letter.

64. Chartis denies the allegations in Paragraph 64 of the Complaint.

65. Chartis admits the allegations in Paragraph 65 of the Complaint.

66. Chartis denies the allegations in Paragraph 66 of the Complaint, except admits that an actual and justiciable claim exists between Oracle and Chartis.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief – Duty to Pay Claims Expenses and Damages Related to the Cover Oregon Lawsuits and the Settlement)**

67. Chartis repeats its responses to the allegations in Paragraphs 1 through 66 of the Complaint as if fully set forth at length herein.

68. Chartis denies the allegations in Paragraph 68 of the Complaint.

69. Chartis admits only that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

70. Chartis denies the allegations in Paragraph 70 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

71. Chartis denies the allegations in Paragraph 71 of the Complaint.

72. Chartis denies the allegations in Paragraph 72 of the Complaint

73. Chartis denies the allegations in Paragraph 73 of the Complaint.

74. Chartis denies the allegations in Paragraph 74 of the Complaint.

75. Chartis denies the allegations in Paragraph 75 of the Complaint.

76. Chartis denies the allegations in Paragraph 76 of the Complaint.

77. Chartis admits the allegations in Paragraph 77 of the Complaint.

78. Chartis denies the allegations in Paragraph 78 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Breach of Contract – Duty to Pay Claims Expenses for the Cover Oregon Lawsuits)**

79. Chartis repeats its responses to the allegations in Paragraphs 1 through 78 of the Complaint as if fully set forth at length herein.

80. Chartis denies the allegations in Paragraph 80 of the Complaint.

81. Chartis denies the allegations in Paragraph 81 of the Complaint.

82. Chartis denies the allegations in Paragraph 82 of the Complaint.

83. Chartis denies the allegations in Paragraph 83 of the Complaint.

84. Chartis denies the allegations in Paragraph 84 of the Complaint.

85. Chartis denies the allegations in Paragraph 85 of the Complaint.

86. Chartis denies the allegations in Paragraph 86 of the Complaint.

87. Chartis denies the allegations in Paragraph 87 of the Complaint.

### THIRD CAUSE OF ACTION
**(Breach of Contract – Duty to Pay Settlement Costs)**

88. Chartis repeats its responses to the allegations in Paragraphs 1 through 87 of the Complaint as if fully set forth at length herein.

89. Chartis denies the allegations in Paragraph 23 of the Complaint, except admits that Oracle has correctly quoted a portion of a provision of the Beazley Primary Policy, and refers the Court to the Beazley Primary Policy for its complete contents, provisions, terms, conditions, limitations, and legal effect.

90. Chartis denies the allegations in Paragraph 90 of the Complaint.

91. Chartis denies the allegations in Paragraph 91 of the Complaint.

92. Chartis denies the allegations in Paragraph 92 of the Complaint.

93. Chartis denies the allegations in Paragraph 93 of the Complaint.

94. Chartis denies the allegations in Paragraph 94 of the Complaint.

95. Chartis denies the allegations in Paragraph 95 of the Complaint.

### AFFIRMATIVE DEFENSES

1. The claims asserted by Plaintiff are barred, in whole or in part, because the allegations of the Complaint fail to state a claim upon which relief may be granted.

2. The claims asserted by Plaintiff are barred, in whole or in part, by the terms, conditions, exclusions, and endorsements of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

3. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion E of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

4. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion A of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

5. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion F of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

6. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion G of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

7. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion H of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

8. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion I of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

9. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion K of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

10. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion L of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

11. The claims asserted by Plaintiff are barred, in whole or in part, by Exclusion N of the Beazley Primary Policy and the Chartis Excess Policy, incorporated by reference herein.

12. The Chartis Excess Policy applies only as excess over the self-insured retention and the Beazley Primary Policy, and Plaintiff has failed to exhaust the same.

13. Plaintiff's claims are barred for the reasons set forth in Chartis' coverage letters, incorporated by reference herein.

14. Chartis reserves the right to raise any other defense which may be legally warranted, and which arises as a result of discovery in this case.

WHEREFORE, defendant Chartis demands judgment against Plaintiff dismissing the Complaint against Chartis, and each Cause of Action alleged therein, with prejudice, together with the expenses of defense and costs of suit, and for such other and similar relief as this Court may deem appropriate.

Dated: New York, New York
   June 25, 2018         BRESSLER, AMERY & ROSS, P.C.


                By:  */s/ Robert Novack*
                   Robert Novack
                   Michael D. Margulies

                Bressler, Amery & Ross, P.C.
                17 State Street
                New York, NY 10004
                (212) 425-9300
                *Attorneys for Defendant,*
                *Chartis Specialty Insurance Company*

## CERTIFICATION OF SERVICE

I hereby certify that on June 25, 2018, a true copy of the within Answer to Complaint was served, pursuant to the Federal Rules of Civil Procedure, the Southern District of New York's Local Rules and/or the Southern District of New York's ECF Policies and Procedures via (i) ECF filing, and (ii) first class mail service offered by the U.S. Postal Service, addressed to plaintiff's counsel of record as follows:

> Adam S. Ziffer, Esq.
> McKool Smith, P.C.
> One Bryant Park – 47th Floor
> New York, NY 10036

Dated: June 25, 2018                    __/s/ *Michael D. Margulies*__