UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORACLE CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>CHARTIS SPECIALTY INSURANCE COMPANY,<br><br>        Defendant. | Civil Action No. 1:18-CV-03440-GHW<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT AIG SPECIALTY INSURANCE COMPANY'S (F/K/A CHARTIS SPECIALTY INSURANCE COMPANY) REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO PARTIALLY DISMISS THE COMPLAINT**

                     BRESSLER, AMERY & ROSS, P.C.
                     17 State Street
                     New York, New York  10004
                     T: (212) 425-9300
                     F: (212) 425-9337

                     *Attorneys for Defendant*
                     *AIG Specialty Insurance Company (f/k/a*
                     *Chartis Specialty Insurance Company)*

On the Brief:

Robert Novack, Esq.
Charles W. Stotter, Esq.
Christina D. Gallo, Esq.

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

LEGAL ARGUMENT .............................................................................................................2

    I.    THE COMPLAINT FAILS TO ALLEGE THAT ORACLE EVER REQUESTED AIGSIC'S CONSENT TO SETTLE AND ORACLE CONCEDES IT DID NOT ................................................................................. 2

    II.   THE COMPLAINT DOES NOT SUPPORT ORACLE'S ESTOPPEL ARGUMENT ................................................................................................ 3

    III.  THE COMPLAINT DOES NOT SUPPORT ORACLE'S WAIVER ARGUMENT ................................................................................................ 7

    IV.  THE COMPLAINT DOES NOT SUPPORT ORACLE'S FUTILITY ARGUMENT ................................................................................................ 9

CONCLUSION .......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aerojet-Gen. Corp. v. Commercial Union Ins. Co.*,
   65 Cal. Rptr. 3d 803 (Ct. App. 2007) ................................................................................5, 6, 8

*Burlington Ins. Co. v. Minadora Holdings, LLC*,
   690 F. App'x 918 (9th Cir. 2017) ...............................................................................................5

*Centex Homes v. Lexington Ins. Co.*,
   2014 WL 6673481 (C.D. Cal. Nov. 24, 2014) ............................................................................5

*Cortec Indus., Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991) .........................................................................................................3

*Cottage Health Sys. v. Admiral Ins. Co.*,
   2016 WL 7228728 (C.D. Cal. Mar. 18, 2016) ............................................................................5

*Crowley Mar. Corp. v. Fed. Ins. Co.*,
   2008 U.S. Dist. LEXIS 97393 (N.D. Cal. Dec. 1, 2008) ............................................................6

*Dalzell v. Nw. Mut. Ins. Co.*,
   32 Cal. Rptr. 125 (Ct. App. 1963) ..............................................................................................7

*Elliano v. Assurance Co. of America*,
   83 Cal. Rptr. 509 (Ct. App. 1970) ..............................................................................................7

*Enodis Corp. v. Cont'l Cas. Co.*,
   2013 U.S. Dist. LEXIS 83672 (C.D. Cal. June 10, 2013) ..........................................................9

*Franklin Loan Corp. v. Certain Underwriters at Lloyd's*,
   2011 U.S. Dist. LEXIS 163324 (C.D. Cal. Apr. 5, 2011) .......................................................1, 2

*Fuller-Austin Insulation Co. v. Highlands Ins. Co.*,
   38 Cal. Rptr. 3d 716 (Ct. App. 2006) .............................................................................1, 3, 4, 5

*Gueyffier v. Ann Summers, Ltd.*,
   77 Cal. Rptr. 3d 613 (2008) ........................................................................................................9

*Intel Corp. v. Hartford Accident & Indem. Co.*,
   952 F.2d 1551 (9th Cir. 1991) ....................................................................................................7

*Jamestown Builders v. Gen. Star Indem. Co.*,
   91 Cal. Rptr. 2d 514 (Ct. App. 1999) .........................................................................................6

*Miller v. Elite Ins. Co.*,
   161 Cal. Rptr. 322 (Ct. App. 1980) ............................................................................................7

*Nat'l Am. Ins. Co. of Cal. v. Certain Underwriters at Lloyd's London*,
   93 F.3d 529 (9th Cir. 1996) ..................................................................................................6

*OneWest Bank, FSB v. Hous. Cas. Co.*,
   676 F. App'x 664 (9th Cir. 2017) ..........................................................................................2

*People v. Castillo*,
   109 Cal. Rptr. 3d 346 (2010) ................................................................................................3

*Provident Life & Accident Ins. Co. v. Belding*,
   1998 U.S. App. LEXIS 15406 (9th Cir. July 8, 1998)...........................................................7

*Root v. Am. Equity Specialty Ins. Co.*,
   30 Cal. Rptr. 3d 631,647 (Ct. App. 2005).............................................................................9

*Waller v. Truck Ins. Exch., Inc.*,
   44 Cal. Rptr. 2d 370 (1995) ..................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1

Defendant AIG Specialty Insurance Company submits this reply memorandum of law in further support of its motion to partially dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), to the extent it seeks recovery for indemnity of settlement costs.

## **PRELIMINARY STATEMENT**

Oracle concedes that it never sought, let alone secured, the written consent of AIGSIC prior to entering into its Settlement with the State of Oregon as required by the Primary Policy, to which the AIGSIC Excess Policy follows form. Instead, the Complaint merely alleges that Oracle first sought reimbursement of settlement costs months *after* Oracle had already entered into its settlement. Compl. ¶ 57. California law is clear – an insurer has no indemnity obligation where the insured breaches a consent-to-settle/no voluntary payment provision in its policy. *Franklin Loan Corp. v. Certain Underwriters at Lloyd's*, 2011 U.S. Dist. LEXIS 163324, at *16-17 (C.D. Cal. Apr. 5, 2011).

In an effort to overcome its admitted failure to satisfy this condition precedent to coverage, Oracle mistakenly argues that it somehow was legally excused from complying with the consent-to-settle requirement based upon principles of waiver, estoppel, and/or futility. Oracle's primary reliance upon *Fuller-Austin Insulation Co. v. Highlands Ins. Co.,* 38 Cal. Rptr. 3d 716 (Ct. App. 2006), is misplaced. *Fuller-Austin* is easily distinguished by a circumstance not present here – the excess insurer in *Fuller-Austin was invited by the insured to participate in the settlement negotiations,* thereby giving the excess insurer a "reasonable opportunity" to participate in settlement negotiations. Here, Oracle *never invited* AIGSIC to participate in the settlement process. Instead, Oracle merely alleges that AIGSIC "did not make any objection to Oracle moving forward with settlement or to the terms presented" (Compl. ¶ 54). There are no allegations that AIGSIC was ever asked to participate in the settlement negotiations, or that AIGSIC was ever invited to participate in the failed mediation preceding the settlement. Indeed, the Complaint

makes plain that AIGSIC only learned about the settlement after it was already consummated. Accordingly, Oracle's First Cause of Action for declaratory relief, to the extent it seeks settlement costs, and the Third Cause of Action, for breach of contract based on failure to pay settlement costs, must be dismissed.

## **LEGAL ARGUMENT**

### I. THE COMPLAINT FAILS TO ALLEGE THAT ORACLE EVER REQUESTED AIGSIC'S CONSENT TO SETTLE AND ORACLE CONCEDES IT DID NOT

California law is clear – an insurer has no indemnity obligation where the insured settles without the insurer's consent in breach of a consent-to-settle/no voluntary payment provision. *Franklin Loan Corp.*, 2011 U.S. Dist. LEXIS 163324, at *16-17 (dismissing insured's claim for coverage of settlement costs without leave to amend because insured's post-tender "failure to request [insurer's] written consent before reaching a settlement . . . is a breach of the express terms of the Policy"); *see also OneWest Bank, FSB v. Hous. Cas. Co.*, 676 F. App'x 664, 666 (9th Cir. 2017) (insured not entitled to coverage where it breached the consent-to-settle provision of its policy by executing a settlement term sheet prior to seeking or obtaining the consent of its insurer).

Here, § XVII of the Primary Policy requires that the insured seek and obtain the insurer's consent before entering into a settlement. The Complaint does not allege that Oracle ever sought or obtained the written consent of AIGSIC prior to entering into the settlement with the State of Oregon. Rather, the Complaint acknowledges that Oracle did not inform AIGSIC of the settlement terms until September 19, 2016, *after* Oracle had already agreed to them. Compl. ¶ 55. Moreover, Oracle first requested reimbursement of settlement costs in January 2017, four months *after* Oracle had already entered into the Settlement. *Id.*, ¶ 57; *see* Hirschorn Decl., Exh. 2.

In short, the Complaint concedes non-compliance with the consent-to-settle condition precedent to coverage. Conspicuously absent from the Complaint is any allegation that Oracle

2

ever requested or obtained AIGSIC's consent to settle, or that AIGSIC remained "silent" through the defense and settlement of the State Action. *See* Compl., ¶¶ 47, 48, 50, 52, 53, 58.  Instead, the Complaint merely reflects that Oracle apprised AIGSIC of the status of the Cover Oregon Lawsuits, as was requested by AIGSIC in its 2014 reservation of rights letter. Hirschorn Decl., Exh. 1.  There are no facts alleged that would in any way legally excuse Oracle from complying with the consent-to-settle requirement.[1]

## II.     THE COMPLAINT DOES NOT SUPPORT ORACLE'S ESTOPPEL ARGUMENT

Oracle argues that AIGSIC should be estopped from enforcing the express consent-to settle requirement of the Policy despite it having settled the underlying action without AIGSIC's knowledge or consent.  To support an estoppel argument, Oracle must demonstrate that

> (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.

*People v. Castillo*, 109 Cal. Rptr. 3d 346, 355 n.10 (2010).  It cannot do so here.

To support its position, Oracle primarily relies on the unique facts found in *Fuller-Austin*.  There, the excess insurer received notice of, and was ***invited*** to participate in, ongoing settlement negotiations, but merely "hovered" in the background and refused to participate or respond to a request for consent to settle. 38 Cal. Rptr. 3d at 741.  The court held that under these unique circumstances, the excess insurer could not maintain its silence until after the settlement agreement was executed, and then decline coverage for the settlement on the ground that it did not consent. *Id.* at 740.

---

[1] Oracle challenges AIGSIC's submission of certain materials referenced in or integral to the Complaint (Pl. Opp. Br. at 9 and n. 9) as improper.  AIGSIC properly relies upon portions of its claims file that are referenced by or integral to the allegations of the Complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).  Oracle's claim relies on its contention that "In addition to its specific written demand, Oracle followed up with phone calls and subsequent written requests to AIG to honor its obligations under the AIG Excess Policy" (Compl. ¶ 58).  AIGSIC's submission of such written requests, evidenced by Exhs. 3 and 4 of the Hirschorn Decl., is entirely proper.

3

Critical to the *Fuller-Austin* decision was the fact that the excess insurer had been informed of the impending settlement *and given an opportunity to participate in negotiations* before the insured violated its policy by settling without its insurer's consent. *Id.* at 736-37. It was undisputed that the insured notified its insurer that settlement negotiations were imminent and **invited** the insurers to attend. *Id*. at 723.

> On October 2, 1997, Fuller-Austin invited attorneys representing asbestos claimants to a meeting scheduled on October 21, 1997. The purpose of the meeting was to explore the possibility of … agreement on the terms of a proposed bankruptcy plan before jointly seeking court approval. On October 17, 1997, Fuller-Austin notified appellants of the meeting. *The letter invited them to "participat[e] in this settlement process in an appropriate manner"* subject to the execution of a confidentiality agreement.

*Id*. (emphasis added). In *Fuller-Austin,* unlike here, there was a clear invitation by the insured to the excess insurers to participate in the settlement process.

Not surprisingly, Oracle minimizes the importance of the court's reference to an "invitation" to participate, in an attempt to avoid its own failure to satisfy the condition precedent to coverage here. Oracle never asked, nor invited, AIGSIC to participate in the mediation or settlement negotiations. *See* Pl. Opp. Br. at 13. Indeed, AIGSIC's July 19, 2017 letter from Deborah Hirschorn proves that Oracle deliberately excluded its insurers from attending the mediation:

> On July 20, 2016, Oracle's insurance representatives at Marsh told CSIC that a mediation had been scheduled and that Oracle did not want its insurers to attend. Although I made a request for a formal liability and damages analysis, no such analysis was ever provided.

Reply Decl. of Charles W. Stotter, Exh. 1 [see also Dkt. #47-2 at p. 4 of 12]. Oracle baldly asserts that AIGSIC "stayed silent" throughout the settlement negotiations, upon learning of the scheduled mediation (Pl. Opp. Br. at 14). This is demonstrably false. AIGSIC was expressly advised that Oracle did not want AIGSIC to attend the mediation, and when AIGSIC requested a formal liability and damages analysis, Oracle never provided one to AIGSIC. Stotter Reply Decl., Exh. 1. Thus,

4

unlike in *Fuller-Austin*, AIGSIC was not given a "reasonable opportunity" to participate in the settlement negotiations.[2] These crucial factual distinctions make the rationale of *Fuller-Austin* inapposite here.

In addition to *Fuller-Austin*, Oracle cites *Cottage Health Sys. v. Admiral Ins. Co.*, 2016 WL 7228728 (C.D. Cal. Mar. 18, 2016), *Burlington Ins. Co. v. Minadora Holdings, LLC*, 690 F. App'x 918 (9th Cir. 2017), and *Centex Homes v. Lexington Ins. Co.*, 2014 WL 6673481 (C.D. Cal. Nov. 24, 2014) (Pl. Opp. Br. at 12, n. 11) for the general proposition that a non-defending insurer cannot rely on a consent-to-settle provision where it had notice of settlement discussions and was afforded a reasonable opportunity to participate. These cases have no application here, as they were all decided on summary judgment, and all involved duty to defend policies unlike the Primary Policy at issue here. *Centex Homes* is further distinguishable as the insurers there were specifically asked to participate in mediations and settlement conferences, which was clearly not the case here.[3]

Nor can Oracle's recitation of the steps it took to apprise AIGSIC of the status of the Cover Oregon Lawsuits overcome controlling California authority that consent-to-settle provisions are enforceable as to excess insurers with no duty to defend, *even if they are aware of ongoing settlement discussions*. *See Aerojet-Gen. Corp. v. Commercial Union Ins. Co.*, 65 Cal. Rptr. 3d 803, 814-15 (Ct. App. 2007) (approving grant of summary judgment in favor of excess insurers,

---

[2] Here, the Complaint merely alleges that in an effort to "provide written status updates to AIG regarding all material developments in the Cover Oregon Lawsuits" Oracle "offered to provide the parties' mediation statements if AIG signed a non-disclosure agreement and agreed to be bound by the protective order in the Lawsuits." Compl. ¶ 47. Had it been Oracle's intention to "offer" the mediation statements as a means to "inviting" or providing a "reasonable opportunity to" AIGSIC to participate in the settlement process, Oracle could have alleged as much in its Complaint. Yet, Oracle did not, and cannot now fill in the gaps in its Complaint for failing to comply with the consent-to-settle requirement.

[3] Oracle's argument, that "whether the particular facts alleged in the Complaint reflect such a 'reasonable opportunity' is a quintessential fact question, the resolution of which is inappropriate on a motion to dismiss" (Pl. Opp. Br. at 14), acknowledges its own failure to sufficiently plead facts that (i) state a claim for the settlement costs in the absence of obtaining consent, or (ii) permit the application of *Fuller-Austin*.

5

based on the consent-to-settle provision, despite there being no duty to defend and in spite of the insured's argument that the excess insurers, who were "apprised of [the insured's] settlement strategy and negotiations," should be estopped from invoking consent-to-settle due to their silence during settlement negotiations).[4]

Oracle's efforts to distinguish *Aerojet* must also fail. Pl. Opp. Br. at 17-18. Contrary to Oracle's argument, the *Aerojet* court's discussion of equitable estoppel was not mere dicta, but necessary to affirming summary judgment in favor of the insurers.[5] In *Aerojet*, one of the issues on appeal was whether "the trial court erred by concluding defendants were not equitably estopped from relying on the terms of their indemnity agreements, including the no voluntary payments clause's requirement of written consent [where Aerojet] kept defendants apprised of its settlement strategy and negotiations, and reasonably relied upon defendants to voice any concerns or objections." *Aerojet*, 65 Cal. Rptr. at 814. The court found there was "no evidence suggesting defendants intended that as a result of their [silence], Aerojet would settle the … suits and seek indemnity, nor is there evidence defendants acted in such a manner that Aerojet could have reasonably believed defendants intended such." *Id.* Accordingly, the court held that the trial court "correctly determined no equitable estoppel could be established as a matter of law." *Id.* at 815.[6]

---

[4] Oracle's reliance on *Nat'l Am. Ins. Co. of Cal. v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 539 (9th Cir. 1996) to support its estoppel argument (Pl. Opp. Br. at 20) is misplaced as there, the insurers admitted they knew of the claim several years before any settlement was reached but never responded to notice from the insured until two years after the litigation. This is plainly not the case here, where AIGSIC promptly acknowledged the claim in its August 2014 reservation of rights letter, and expressly requested information from Oracle as to the status of the litigation.

[5] Oracle's attempt to distinguish *Aerojet* by reference to the other, unrelated issues on appeal in *Aerojet* is irrelevant as the trial court's holding regarding equitable estoppel was directly at issue on the appeal.

[6] Oracle also seeks to distinguish *Crowley Mar. Corp. v. Fed. Ins. Co.*, 2008 U.S. Dist. LEXIS 97393 (N.D. Cal. Dec. 1, 2008) and *Jamestown Builders v. Gen. Star Indem. Co.*, 91 Cal. Rptr. 2d 514 (Ct. App. 1999), on the factual basis that those cases present circumstances where the insured settled the claim before it was submitted to the insurer. *See* Pl. Opp. Br. at 18-19. But those circumstances do not detract from the general principles limiting the exceptions to enforcement of consent to settle clauses as described in each of those cases.

6

### III. THE COMPLAINT DOES NOT SUPPORT ORACLE'S WAIVER ARGUMENT

Waiver under California law requires the insured to demonstrate detrimental reliance by the insured on some action taken by the insurer or misconduct on the part of the insurer. Neither is alleged here.[7] *Provident Life & Accident Ins. Co. v. Belding*, 1998 U.S. App. LEXIS 15406, at *4 (9th Cir. July 8, 1998). Oracle argues that AIGSIC somehow waived its consent to settle requirement because it (i) did not raise the consent as a defense in its coverage letter, and (ii) remained silent throughout the defense and settlement. *See* Pl. Opp. Br. at 21-22. Oracle is wrong. In the first instance, it is not possible for AIGSIC to have waived the consent-to-settle provision, as it did not know that Oracle had entered into the settlement. Oracle did not inform AIGSIC of the settlement terms until September 19, 2016, *after* Oracle had already agreed to them. Compl. ¶ 55. That AIGSIC did not specifically rely upon the consent-to-settle provision as a defense to coverage in its July 19, 2017 letter does not prove waiver. *See Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991) (rejecting the automatic waiver rule and finding that in order to prove waiver, the insured must show misconduct by the insurer or detrimental reliance by the insured).[8] In its July 19, 2017 coverage letter, AIGSIC expressly reserved its rights on all claims for indemnity since, at that time, Oracle only sought reimbursement for defense costs:

> CSIC is only addressing the issues relevant to determination of its obligation to reimburse for covered Claim Expenses and is not providing any analysis with respect to whether indemnity for Damages is due under the Policy. If Oracle submits any claim to CSIC for reimbursement of Damages … , CSIC reserves the right to provide a further coverage analysis with respect to any such claim.

---

[7] Oracle's reliance on *Miller v. Elite Ins. Co.*, 161 Cal. Rptr. 322, 330 (Ct. App. 1980), *Dalzell v. Nw. Mut. Ins. Co.*, 32 Cal. Rptr. 125, 128 (Ct. App. 1963), and *Elliano v. Assurance Co. of America*, 83 Cal. Rptr. 509 (Ct. App. 1970) to support its waiver argument (Pl. Opp. Br. at 20-21) is misplaced, as those cases (i) do not involve waiver of a consent-to-settle requirement, and (ii) involve insurer misconduct of a nature that does not exist here.

[8] Indeed, a holding that an insurer waives policy defenses not asserted in its initial denial of a defense would be inconsistent with established waiver principles by erroneously implying an intent to relinquish contract rights where no such intent existed. *Waller v. Truck Ins. Exch., Inc.*, 44 Cal. Rptr. 2d 370, 388 (1995) (finding that "such a conclusion would contradict the holdings of the majority of California and sister-state cases addressing the waiver issue.").

Stotter Reply Decl., Exh. 1, n.3.  AIGSIC did not intentionally relinquish its right to rely on policy provisions that pertained to any claim for *Damages* (*i.e.*, Settlement Costs), where it expressly noted that it was only addressing issues related to Oracle's request for Claim Expenses.  Similarly, AIGSIC's November 10, 2017 letter, although citing the consent provision (Compl., Exh. A, § XVII), only addressed Oracle's request for Claim Expenses and reserved all other rights. Reply Declaration of Deborah Hirschorn, Exh. 1. *See also* Compl. ¶ 63.  Therefore, AIGSIC sufficiently reserved its rights to rely on other policy provisions and defenses to coverage, including any request for Damages (*i.e.*, Settlement Costs).

Nor does AIGSIC's alleged "silence" throughout the defense and settlement of the underlying action equal an affirmative act of waiver.  The Complaint does not allege "insurer misconduct" or "detrimental reliance." Oracle urges the Court somehow to *infer* that AIGSIC was given a "reasonable opportunity to participate in settlement negotiations" when it "invited AIG to review its settlement position in advance of mediation – an offer that AIG did not accept, signaling to Oracle that AIG did not wish to associate in defense or settlement of the State Action Claim. (Compl. ¶ 47)."  Pl. Opp. Br. at 22.

Oracle's characterization of Compl. ¶ 47 is misleading.  Not only does that paragraph make clear that Oracle merely "offered to provide the parties' mediation statements if AIG signed a non-disclosure agreement and agreed to be bound by the protective order in the Lawsuits," but no invitation to participate in the mediation was extended.  Indeed, AIGSIC was excluded by Oracle from attending.  That AIGSIC "did not make any objection to Oracle moving forward with the settlement" is legally insufficient to prove waiver of the consent to settle provision. *See Aerojet,* 65 Cal. Rptr. 3d at 814.  Accordingly, the allegations of the Complaint are insufficient to establish waiver.

**IV.     THE COMPLAINT DOES NOT SUPPORT ORACLE'S FUTILITY ARGUMENT**

Oracle's futility argument is nonsense. First, it argues, without any support in the Complaint, that AIGSIC allegedly "maintain[ed] a studied silence" during settlement negotiations through Oracle's request for reimbursement months after the settlement was consummated. Pl. Opp. Br. at 1-2. But courts applying California law have allowed a futility argument only based upon an insurer's affirmative act, such as an outright denial of coverage. *See, e.g., Enodis Corp. v. Cont'l Cas. Co.*, 2013 U.S. Dist. LEXIS 83672 at *20 (C.D. Cal. June 10, 2013) (allowing policyholder to argue that it would have been futile to seek insurer's consent where insurer took the position that it would never provide policyholder with indemnity related to matter).[9] Second, the allegations of the Complaint do not allege silence by AIGSIC. Oracle's argument that it reasonably presumed (or detrimentally relied) on the fact that AIGSIC either "consented to Oracle's settling of the Claim" or "did not care to get involved on the basis that it disputed any obligation with respect thereto" is not supported by the allegations of the Complaint (Pl. Opp. Br. at 22). Moreover, its futility argument is directly contradicted by the fact that in July 2016, in advance of the mediation to which AIGSIC had been excluded, AIGSIC expressly requested that Oracle provide a liability and damages analysis in advance of any settlement discussions, which Oracle did not provide. Stotter Reply Decl., Exh. 1.

Additionally, Oracle argues the fact that AIGSIC "issued a single, follow-form reservation of rights letter (Hirschorn Dec., Ex. 1); was not advancing defense costs (Compl. ¶¶ 2, 60, 65); and decided not to execute a non-disclosure agreement (*Id.* ¶ 47)" somehow demonstrates futility (Pl.

---

[9] The cases cited by Oracle do not support its futility argument. *Gueyffier v. Ann Summers, Ltd.*, 77 Cal. Rptr. 3d 613 (2008) merely states a general proposition regarding the doctrine of futility. In *Root v. Am. Equity Specialty Ins. Co.*, 30 Cal. Rptr. 3d 631, 647 (Ct. App. 2005), the court found the record facts supported a finding that the insured was "equitably excused" from complying with the reporting condition of the policy because the insurer did not give the insured the opportunity to buy an extended reporting endorsement which would have given the insured an extra 60 days to report any claims. *Id*. No such facts exist in this case. Thus, *Root* has no application here.

Opp. Br. at 23). It does not. AIGSIC's initial August 2014 reservation of rights letter (Hirschorn Decl., Exh. 1) specifically requested that "[Oracle] provide [AIGSIC] with "a) copies of the coverage letters issued by Beazley, as the primary insurer, as well as b) information regarding the status of this claim, including any status reports drafted by Beazley or defense counsel" and "that [Oracle] keep [AIGSIC] apprised as this matter progresses."

Accordingly, prior to the settlement, AIGSIC never refused or declined to associate in Oracle's defense, let alone refuse to participate in mediation or settlement negotiations. To the contrary, as an excess insurer whose limits were not even triggered until the Primary Policy was exhausted on defense or indemnity, AIGSIC sought information from Oracle on the status of the Cover Oregon Lawsuits. Thus, the Complaint fails to allege facts sufficient to demonstrate that any request by Oracle to obtain AIGSIC's consent to settle would have been futile.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant its motion to partially dismiss the First Cause of Action of the Complaint, to the extent it seeks declaratory relief as to indemnification of Settlement Costs, and to dismiss the Third Cause of Action for breach of contract, for failure to state a claim.

Dated: New York, NY
August 16, 2018

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**

By:   */s/ Robert Novack*
     Robert Novack, Esq.
     Charles W. Stotter, Esq.
     Christina D. Gallo, Esq.
17 State Street
New York, NY 10004
T: (212) 425-9300
F: (212) 425-9337
*Attorneys for Defendant AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company)*

4967751